**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TAVARIS MONONNETO MOORE**                                                             **MOVANT**

**VS.**                                                          **NO. 3:01CR139-NBB**

**UNITED STATES OF AMERICA**                                                   **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Tavaris Mononneto Moore to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the movant has replied. The matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct Moore's sentence shall be denied.

### Facts and Procedural Posture

The movant, Tavaris Mononneto Moore ("Moore"), was indicted on October 24, 2001, by a federal grand jury from the Northern District of Mississippi for distributing in excess of fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A). On July 9, 2002, Moore was found guilty by jury trial and sentenced to 200 months, with five years of supervised release. His conviction was affirmed on November 30, 2004, by the Court of Appeals for the Fifth Circuit. *United States v. Moore*, 114 Fed. Appx. 153, 2004 WL 2713050 (5th Cir. 2004). On April 4, 2005, the United States Supreme Court vacated judgment and remanded to the Court of Appeals for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2004). *Moore v. United States*, 544 U.S. 958 (2005). On remand, Moore's conviction was re-affirmed. Subsequent writ of certiorari was denied.

On August 29, 2008, Moore filed his amended *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He claims five grounds of relief by way of ineffective assistance of counsel:

1. That defense counsel was ineffective for failing to raise an objection to the prosecutor's improper closing argument remarks that invoked the Bible, Milestone Passages, and the crucifixion of Jesus.

2. That defense counsel was ineffective for failing to object, or move for corrective action or disqualification based on conflict of interest, to the government's use of Dexter Washington as a witness.

3. That defense counsel was ineffective for failing to raise objection to the district court's failure to make explicit factual findings on defense counsel's objections to disputed information in the presentence report in violation of Rule 32 of the Federal Rules of Criminal Procedure.

4. That defense counsel was ineffective for failing to object adequately to the district court's consideration of drug quantity amounts, not involved in his charged offense, as relevant conduct during sentencing.

5. That defense counsel was ineffective for failing to object adequately to an *Apprendi* error, thus failing to preserve his Sixth Amendment error for appellate review.

## Ineffective Assistance of Counsel

To establish that counsel provided ineffective assistance of counsel, a movant under 28 U.S.C. § 2255 must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court must "strongly presume" that counsel's conduct was reasonable; in other words, "the

defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689-90. The court must not analyze counsel's actions by clarity of hindsight; instead, the court must view counsel's actions using the information reasonably available to counsel at the time of the representation. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Should the court determine that counsel's performance was deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). As discussed below, counsel's actions were reasonable at trial and the movant's underlying claims are without merit. As such, Tavaris Mononneto Moore's claims that defense counsel was ineffective must be denied.

## Claim One: Biblical References

Moore alleges that defense counsel was ineffective for failing to raise an objection to the prosecutor's improper closing argument remarks that invoked the Bible, Milestone Passages, and the crucifixion of Jesus. He asserts that the remarks "essentially asked the jury to find Petitioner guilty if they believe the crucifixion of Jesus took place." Pet. Br. 7. During closing arguments, after recognizing small trial inconsistencies of three witnesses, the prosecutor stated:

> When I got home last night and was thinking about what I would say to you in my closing argument something came to me. It's in literary form. We know it as the Bible. The first book of the New Testament describes the crucifixion of Jesus. At the top of the cross were these descriptions of who Jesus was. Matthew 27 and 37 describes it as "This is Jesus the King of Jews." Mark 15 and 26 describes it as "The King of the Jews." Luke 23 and 38 describes it as "This is the King of the Jews." John 19 [sic] describes it as "Jesus of Nazareth The King of the Jews." Now that does not mean that the crucifixion of Jesus did not take place. All it means is that the four people watched this event and each of the four people recalled it differently. I don't think that any of us who sit here today can say the

> crucifixion did not take place. So simply because there are inconsistencies does not mean you cannot believe what those persons told you.

Trial Tr. 346-47.

While the Fifth Circuit has never addressed this issue, it is settled that within their arguments, counsel may allude to numerous forms of historical and philosophical analogies, including those of Biblical reference. *Francois v. Colonial Freight Systems, Inc.*, 2007 WL 4564866 (S.D. Miss. 2007) (quoting *Johnson v. Mississippi*, 416 So.2d 383 (Miss. 1982) ("Counsel may draw upon literature, history, science, religion and philosophy for material for his argument. He may navigate all rivers of modern literature or sail the seas of ancient learning"). Thus, because the prosecutor merely analogized the inconsistencies of trial testimony to that of the crucifixion of Jesus, never imploring the jury to base their decisions on the belief of the Bible or crucifixion, and defense counsel sufficiently addressed the testimony inconsistencies in their closing argument, defense counsel's failure to object to such analogy was not unreasonable.

Further, whether defense counsel's failure to object to this Biblical reference was or was not reasonable, such failure did not amount to prejudice. To find prejudice, a court on habeas corpus review must look beyond mere outcome determination. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). The court must find that the alleged ineffective assistance of counsel deprived the defendant of a "substantive or procedural right to which the law entitles him." 506 U.S. at 372. Moore was not deprived of any constitutional right due to counsel's alleged deficiencies and consequently was not deprived of the effective assistance of counsel. This claim is therefore denied.

## Claim Two: Dexter Washington

Moore next alleges that defense counsel was ineffective for failing to object, or move for corrective action or disqualification based on conflict of interest, to the government's use of Dexter Washington as a witness. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This claim was raised by Moore on direct appeal and decided adversely to him. *United States v. Moore*, 114 Fed. Appx. 153, 154 (5th Cir. 2004). The Court held that Moore failed "to show an actual conflict of interest adversely affected his attorney's performance." *Id*. Therefore, this claim is denied.

## Claim Three: Rule 32

Moore next alleges that defense counsel was ineffective for failing to object to the district court's failure to make explicit factual finding on defense counsel's objections to disputed information in the presentence report in violation of Rule 32 of the Federal Rules of Criminal Procedure. Although Moore refers to Fed. R. Crim. P. 32(C)(3)(D), now amended as 32(C)(1)(B), it is understood and taken, based on the language of his argument, that he intended to refer to the pre-December 1, 2002, version of Rule 32(c)(1). Moore contends that, during sentencing, the district court failed either to (1) make a finding regarding defense counsel's objections or (2) make a statement that the controverted matter would not be considered and, thus, defense counsel's failure to object to such inaction constituted ineffective assistance of counsel. Pet. Br. 16.

Rule 32(c)(1) requires the court to give defense counsel "an opportunity to comment" on the presentence report, which the court did, beginning at page 2:

5

> **THE COURT:** Okay. Mr. Hill?
>
> **MR. HILL:** Your Honor, I believe I have produced my comments concerning this whole matter to writing and objections to the presentence report. I don't want to take any more of the Court's time.
>
> **THE COURT:** All right. Your objections were made as a matter of record?
>
> **MR. HILL:** Yes, sir.
>
> **THE COURT:** And you wish to stand on your written objections as they have been filed with the Court?
>
> **MR. HILL:** Yes, sir.

Sent. Tr. 2-3.

Rule 32(c)(1) next requires the court either to make a finding regarding the objections, or make a statement that the objected matter would not be considered, which the court did, beginning at page 3:

> **THE COURT:** All right. With that understanding, then, the objections, as filed, appear to the Court to be unsupported by the facts and the presumption of correctness is given to the presentence report. Unless there's something you just want to specifically put on?
>
> **MR. IVY:** No, sir.
>
> **THE COURT:** All right. Well, the Court finds that the objections are not well taken and will be overruled.

Sent. Tr. 3-4.

Because defense counsel filed written objections to the presentence report, the court subsequently overruled such objections on the basis that they were "unsupported by the facts." Introduction of testimony or other evidence at sentencing is permitted, but not required by Rule 32(c)(1). Defense counsel's performance was not deficient for failing to offer additional evidence or object. Further, such failure did not amount to prejudice. Therefore, this claim is denied.

## Claim Four: Relevant Conduct

Moore next alleges that defense counsel was ineffective for failing to object adequately to the district court's consideration of drug quantity amounts not involved in his charged offense as relevant conduct during sentencing. He contends that "uncharged drug transactions, which allegedly occurred over a span of ten years prior to his distribution conduct, should not have been considered relevant conduct under the guidelines predicate," and that defense counsel's failure to object adequately to their inclusion was unreasonable and prejudicial. Pet. Br. 20.

On direct appeal, the relevant conduct claim was raised by Moore and decided adversely to him. *Moore*, 114 Fed. Appx. at 154. He claimed that the "uncharged drug transactions" failed to have temporal proximity to his offense of conviction. Appellant's Brief, 2004 WL 3318094 at 25. Reviewing for plain error, the Fifth Circuit held that "[b]ecause a district court's determination of the quantity of drugs attributable to a defendant is a finding of fact, Moore cannot show plain error." Therefore, because the issue of relevant conduct was raised and disposed of on direct appeal, it is not reviewable. *Kalish*, 780 F.2d at 508. Additionally, Moore's ineffective assistance of counsel claim is without merit.

7

Section 1B1.3 of the United States Sentencing Guidelines Manual "allows for the consideration of 'relevant conduct' in determining the base offense level to be applied to a particular case." *United States v. Woolford*, 896 F.2d 99, 103 (5th Cir.1990); *see* U.S.S.G. ß 1B1.3. In drug distribution cases, "the base offense level can reflect quantities of drugs not specified in the count of conviction if they 'were part of the same course of conduct or part of a common scheme or plan as the count of conviction.'" *United States v. Moore*, 927 F.2d 825, 827 (5th Cir. 1991) (quoting *United States v. Mir*, 919 F.2d 940, 943 (5th Cir.1990). These offenses need not have resulted in a conviction to constitute relevant conduct. *United States v. Anderson*, 174 F. 3d 515, 526 (5th Cir. 1999). Nor is there a "separate statute of limitations beyond which relevant conduct suddenly becomes irrelevant." *Id*. at 528 (quoting *Moore*, 927 F.2d at 828).

Moore's presentence report detailed relevant conduct involving repeated drug-related incidents perpetrated by Moore in the ten years prior to his convicted offense. These incidents included cocaine sales at the residences of both Moore's father and grandmother, to repeat customers, and setup through the combination of cell phone calls and pager callbacks. Moore claims that defense counsel failed to object adequately to the district court's consideration of these incidents within his sentencing. However, a review of the addendum to Moore's presentence report reflects otherwise. Defense counsel filed ten written objections to eighteen paragraphs of the presentence report - each related to relevant conduct. Defense counsel objected claiming, "Defendant categorically denies the allegations of these paragraphs and objects to their inclusion as relevant conduct evidence." PSR at 18. Each of these objections was overruled. As such, Moore's claim that defense counsel failed to object adequately to relevant conduct is without merit and no prejudice is found. Therefore, this claim is denied.

## Claim Five: *Apprendi* Error

Moore last alleges that defense counsel was ineffective for failing to object adequately to an *Apprendi* error, thus failing to preserve his Sixth Amendment error for appellate review. He contends that the drug quantity amounts used as relevant conduct in his presentence report alleged facts that were neither submitted to a jury nor proven beyond a reasonable doubt and thus violated the Supreme Court decision, *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Later applying *Apprendi*, the Fifth Circuit held that as long as relevant conduct evidence does not increase the sentence beyond the statutory maximum, such evidence does not constitute an *Apprendi* error. *United States v. Keith*, 230 F.3d 784, 786-87 (5th Cir. 2000).

At the time of Moore's sentencing, the sentence range for violation of 21 U.S.C. §§ 841(a) and (b)(1)(A) was imprisonment of no less than ten years, and no more than life. Accordingly, because Moore's sentence of 200 months was not beyond the prescribed statutory maximum, it failed to violate *Apprendi*. As such, defense counsel's failure to raise an *Apprendi* objection at sentencing did not constitute ineffective assistance of counsel and this claim is therefore denied.

**Conclusion**

For the reasons set forth above, the instant motion (78) by Tavaris Mononneto Moore to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 shall be denied. A final judgment consistent with this memorandum opinion shall be issued.

SO ORDERED, this the 6th day of October, 2009.

/s/ Neal Biggers

_____

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**